IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-03000-PAB-NYW

HEATHER PRICE,

    Plaintiff,

v.

BAVARIA INN RESTAURANT, INC., d/b/a Shotgun Willies,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion for Summary Judgment [Docket No. 44] filed on May 24, 2019. Plaintiff filed a response on June 19, 2019, Docket No. 54,[1] to which defendant replied. Docket No. 65. Also before the Court is Plaintiff's Motion to Supplement [Docket No. 81]. Defendant responded to the motion to supplement, Docket No. 84, and plaintiff filed a reply. Docket No. 85. The Court has jurisdiction under 28 U.S.C. § 1331.

---

[1]Attached to plaintiff's response were several documents containing information protected under Rule 5.2 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number . . . a party or nonparty making the filing may include only . . . the last four digits of the social-security number."). The Court issued a minute order on October 22, 2019 restricting those documents and directing plaintiff to file a motion to restrict by October 25, 2019. Plaintiff's counsel contacted the Court and indicated that he would not be filing a motion to restrict, and no motion to restrict was filed by the Court's deadline. Because the Court is not convinced that the failure to file a motion to restrict was plaintiff's decision, the documents containing her personal information will remain restricted.

## I. BACKGROUND[2]

On December 14, 2017, plaintiff Heather Price sued her former employer, defendant Bavaria Inn Restaurant, d/b/a Shotgun Willie's ("defendant"), raising one claim of retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Docket No. 1; Docket No. 7 at 9-10. Plaintiff alleges in her complaint that defendant retaliated against her after she had reported that one of defendant's managers, Randy Thornton, had sexually harassed her at work. Docket No. 7 at 9.

Defendant hired plaintiff on June 3, 2014 to work as a concierge. Docket No. 44 at 2, ¶ 1. On October 3, 2014, defendant terminated plaintiff for "improperly taking customers away from other Shotgun Willie's employees." *Id.*, ¶ 2. Defendant rehired plaintiff on October 15, 2014. *Id.*

In May 2014, Brian Barker began to manage defendant's concierge program. *Id.*, ¶ 7. His duties included scheduling employee shifts. *Id.* Sometime after May 5, 2015, plaintiff spoke with manager Hopi Mondale and reported that Thornton had asked her if she was wearing panties and grabbed her buttocks. *Id.*, ¶ 9.[3] Ms. Mondale told plaintiff to speak with another manager, Michelle Poague, about the incident. *Id.*[4] Plaintiff informed Ms. Poague of her complaint against Thornton, but did not file a

---

[2]The following facts are undisputed unless otherwise noted.

[3]Defendant disputes this fact except for purposes of its summary judgment motion. Docket No. 44 at 3 n.1.

[4]Defendant disputes this fact except for purposes of its summary judgment motion. Docket No. 44 at 3 n.1.

2

written complaint. *Id.*[5]

While working at defendant's business, plaintiff was involved in an ongoing conflict with another employee, Desi LaFebre. Docket No. 44 at 2, ¶ 3.[6] Ms. Poague had warned plaintiff that, if the conflict with Ms. LaFebre continued, she, Ms. LaFebre, or both would be terminated. Docket No. 44 at 2, ¶ 4.[7] On June 9, 2015, defendant's principal, Debbie Matthews, held a meeting with multiple managers ("the decision-makers"). Docket No. 44 at 3-4, ¶¶ 12. At the meeting, the decision-makers discussed plaintiff's conflict with Ms. LaFebre.[8] *Id.* at 4, ¶ 13. They did not discuss plaintiff's claim

---

[5]Defendant disputes this fact except for purposes of its summary judgment motion. Docket No. 44 at 3 n.1.

[6]Plaintiff attempts to dispute this fact on the basis that this behavior was "normal" and that plaintiff's personnel file was devoid of any mention of "irregular" behavior. Docket No. 54 at 3, ¶ 3. Plaintiff, however, does not dispute that such conflict existed. *See id.* Therefore, the Court deems this fact undisputed.

[7]Plaintiff contends that "[t]he communications to and from Poague had nothing to do with a disciplinary warning" and states that "this representation by Defendant is therefore disputed." Docket No. 54 at 4, ¶ 4. However, plaintiff does not include in her denial "a specific reference to material in the record supporting the denial" as required by the Court's Practice Standards. *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.3.b.iv; *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: . . . citing to particular parts of materials in the record . . . [or] showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). Because plaintiff has failed to meet the requirements of Rule 56(c) and the Court's Practice Standards, the Court considers this fact undisputed. Fed. R. Civ. P. 56(e)(2).

[8]Defendant also states that, at the meeting, the managers discussed "the poor performance of the concierge program, terminating the concierge program, . . . [and plaintiff's] failure to change her behavior." Docket No. 44 at 4, ¶ 13. However, the record evidence that defendant cites does not support these allegations. *See* Docket Nos. 44-1; 44-7; 44-9. The only allegation that is supported by defendant's record evidence is that, at the termination meeting, the managers discussed plaintiff's conflict with Ms. LaFebre. *See* Docket No. 44-8 at 6-7, 81:18-82:3. Thus, the Court only

that Thornton had harassed her or that she had complained to Ms. Mondale or Ms. Poague about the harassment. *Id.*, ¶ 14.[9] On June 10, plaintiff was terminated. *Id.* at 4, ¶ 16.[10]

Plaintiff sued defendant, arguing that defendant retaliated against her after she engaged in the protected activity of reporting sexual harassment. Docket No. 7 at 9. Defendant argues that it is entitled to summary judgment on plaintiff's retaliation claim. Docket No. 44.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when

---

considers undisputed the fact that, at the termination meeting, the managers discussed plaintiff's conflict with Ms. LaFebre.

[9]Plaintiff states that this is an "irrelevant fact[]," but does not dispute it. Docket No. 54 at 6, ¶¶ 12-16. Accordingly, the Court deems this fact undisputed.

[10]Plaintiff disputes this fact and claims that she was fired on June 5, 2015, "which is the date she was authorized to file for unemployment." Docket No. 54 at 6, ¶¶ 12-16. In support, she provides a confirmation notice from the Colorado Department of Labor and Employment, which states that plaintiff's unemployment claim "begins on Sunday 06/07/2015." Docket No. 54-26 at 2. The confirmation informs the applicant that "[t]he beginning date of your claim is based on the date you sign up for unemployment." *Id.* Plaintiff has also submitted an affidavit in which she states that she was fired on June 5, 2015. Docket No. 54-36 at 6, ¶ 11. However, a plaintiff cannot create a genuine issue of fact by submitting an affidavit that contradicts prior sworn testimony. *Bohn v. Park City Grp., Inc.*, 94 F.3d 1457, 1463 (10th Cir. 1996) ("Defendants correctly point out, however, that plaintiff's affidavit contradicts his deposition testimony . . . and thus the affidavit should not be considered."). Defendant has submitted a transcript from plaintiff's deposition in which plaintiff indicated that she was terminated on June 10. *See* Docket No. 65 at 3, ¶ 12; *see also* Docket No. 65-1 at 6, 154:11-15. Defendant has also submitted plaintiff's EEOC intake questionnaire in which plaintiff states that she was terminated on June 10. *See* Docket No. 65-2 at 3-4. The Court finds that plaintiff has not submitted evidence sufficient to create a genuine issue of fact as to her termination date and considers the fact that plaintiff was terminated on June 10, 2015 undisputed.

the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment*. Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an

inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

Defendant argues it is entitled to summary judgment on plaintiff's Title VII retaliation claim for three reasons: (1) plaintiff cannot demonstrate a causal connection between reporting Thornton's sexual harassment and her termination; (2) plaintiff was terminated for legitimate, non-retaliatory reasons; and (3) plaintiff cannot demonstrate that the legitimate, non-retaliatory reasons for terminating her are pretextual. Docket No. 44 at 5-6.

To succeed on a retaliation claim under Title VII, a plaintiff must establish that (1) "she engaged in protected opposition to discrimination"; (2) "an adverse action was taken against her"; and (3) "a causal connection existed between the protected activity and the adverse action." *Salemi v. Colo. Pub. Emp. Ret. Assoc.*, 176 F. Supp. 3d 1132, 1148 (D. Colo. Mar. 31, 2016). If the plaintiff meets this burden, the burden shifts to the defendant "to produce a legitimate, nondiscriminatory justification for taking the disputed employment action." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004). If the defendant can provide a legitimate, non-discriminatory justification for the adverse employment action, "the burden shifts back to the employee to provide evidence showing that the employer's proffered reason . . . was so inconsistent, implausible, incoherent, or contradictory that it is unworthy of belief." *Id.*

### A. Causal Connection

First, defendant argues that plaintiff cannot demonstrate a causal connection between her termination and the fact that she reported Thornton for sexual harassment. Docket No. 44 at 5. It argues that, because there is no evidence that five of the seven decision-makers present at the June 9 meeting at which the termination decision was made had knowledge of plaintiff's harassment complaints, there can be no causal link between her reports and her termination. *Id.* at 8. Plaintiff, however, argues that defendant took "two drastic measures [in May and June 2015] to cause [her] to resign": removing her assignment from "cigar dinners" and eliminating one of her three shifts. Docket No. 54 at 10.[11] She suggests that the immediacy of this conduct creates a temporal proximity between her reports of sexual harassment and her termination. *Id.*

"A causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). "Unless there is very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation." *Id.* The Tenth Circuit has determined that a one-month period between the protected activity and adverse action may, by itself, establish causation. S*ee E.E.O.C. v. PVNF, L.L.C*, 487 F.3d 790, 804 (10th Cir. 2007).

---

[11]To the extent that plaintiff's statement could be read as an allegation that defendant constructively discharged her by taking these actions, plaintiff did not raise a constructive discharge claim in her complaint, Docket No. 7, and has not presented an argument or a factual basis to support such claim. *See* Docket No. 54. The Court will not consider this unsupported theory for purposes of resolving this motion.

It is undisputed that, "some time after May 5, 2015," plaintiff complained to Ms. Mondale that Thornton had sexually harassed her. Docket No. 44 at 3, ¶ 9. Plaintiff reported the conduct to Ms. Poague. *Id.* Plaintiff argues that defendant then began its retaliation – eliminating one of her shifts and removing her from cigar dinners – before eventually terminating her employment. Docket No. 54 at 10.[12]

Plaintiff was terminated not long after she reported Thornton for sexual harassment and, in the interim, defendant eliminated one of plaintiff's shifts. Docket No. 44 at 3-4, ¶ 12; Docket No. 54 at 10. The Court finds that plaintiff has met her burden of establishing a causal connection between her protected activity and her termination. Not only was her protected activity sufficiently temporally linked to the termination, *see Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1171-72 (10th Cir. 2006) (finding that six week period between protected activity and adverse action was sufficient to establish third element of prima facie retaliation case), but plaintiff has offered additional evidence of retaliation to bolster her claim. *O'Neal*, 237 F.3d at 1253. Defendant's causation argument is without merit.

Defendant argues that plaintiff nevertheless cannot demonstrate that the

---

[12]Plaintiff asserts this fact in the argument section of her response to defendant's motion for summary judgment rather than in her Statement of Additional Disputed Material Facts. *See* Docket No. 54 at 10. While this violates the Court's Practice Standards, *see* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.F.3.b.v., defendant concedes in its reply that Mr. Barker eliminated one of plaintiff's shifts. *See* Docket No. 65 at 6. Therefore, the Court considers this fact undisputed for purposes of this motion. Moreover, plaintiff asserts that, after she complained about Thornton, she was removed from her assignment to "cigar dinners." Docket No. 54 at 10. However, because plaintiff did not raise such issue in a statement of disputed facts, and because defendant did not admit such, this purported fact is not properly before the Court and will not be considered.

8

decision-makers who terminated her knew of her protected activity. Docket No. 65 at 6-7. "Although evidence of 'very close[]' temporal proximity will provide compelling evidence of retaliation and, in some cases, may be sufficient on its own . . . a plaintiff must also show that the person who engaged in the adverse employment action was aware of the protected activity." *Salemi*, 176 F. Supp. 3d at 1149; *see also Petersen v. Utah Dep't of Corr.*, 301 F. 3d 1182, 1188 (10th Cir. 2002) ("An employer's action against an employee cannot be *because* of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition."). Therefore, plaintiff must demonstrate that the decision-makers who made the termination decision had knowledge of plaintiff's sexual harassment complaint.

It is undisputed that Ms. Poague and Ms. Mondale, who were both present at the termination meeting, knew of plaintiff's complaint. Docket No. 44 at 3-4, ¶¶ 9, 12-15. Defendant argues, however, that these individuals' knowledge is insufficient to establish causation between plaintiff's complaint and the ultimate termination decision. Docket No. 44 at 6. In support, defendant cites *Jeffries v. Harleston*, 52 F.3d 9 (2d Cir. 1995). In *Jeffries*, a First Amendment retaliation case, a university's fourteen-member Board of Trustees voted to limit a university official's term from three years to one year after the official gave a speech in which he made several derogatory statements. *Id*. at 11. The official sued those fourteen Board members, as well as the university's president and chancellor, on First Amendment retaliation grounds. *Id.* The jury determined that six individuals – four Board members, as well as the president and chancellor – had acted with an intent to violate the plaintiff's First Amendment rights. *Id.* at 14. However,

9

because the "clear majority" of the defendants had not acted with such intent, the Second Circuit determined that "elementary principles of causation compel the conclusion that [the plaintiff's] First Amendment rights were not violated." *Id.*

The Tenth Circuit has similarly determined that – in a First Amendment retaliation case – where the decision-maker taking the adverse employment action was a committee, the plaintiff "[needed] to establish that a majority of the members who voted on action were biased or that a biased member was a substantial influence over the committee's ultimate action in order to satisfy his burden to establish causation." *Couch v. Bd. of Trustees of Mem'l Hosp. of Carbon Cty.*, 587 F.3d 1223, 1241 (10th Cir. 2009). Because the plaintiff had failed to provide evidence that the committee members had a motive to retaliate, he had "failed to provide evidence supporting his claim that the Committee's ultimate action was retaliatory." *Id.*

Defendant argues that, like *Jeffries*, because there is no evidence that the majority of the decision-makers at the termination meeting knew of plaintiff's complaint, there can be no finding of causation here. The Court agrees. It is undisputed that plaintiff's allegations against Thornton were not discussed at the termination meeting. Docket No. 44 at 4, ¶ 14. It is also undisputed that plaintiff's complaint of sexual harassment was not discussed at the meeting. *Id.* There is no evidence of knowledge on the part of Mr. Barker, who was one of seven individuals at the meeting. *See* Docket No. 54-9 at 1-3; Docket No. 54-9 at 4. And plaintiff's failure to dispute that any of the managers other than Ms. Poague or Ms. Mondale knew of plaintiff's allegations renders the Court unable to find that a genuine issue of material fact exists. Even if the Court

10

were to assume that Ms. Poague and Ms. Mondale voted to terminate plaintiff because of her protected activity, plaintiff has not argued that these biased members "[were] a substantial influence over the committee's ultimate action" so as to demonstrate causation. *Couch*, 587 F.3d at 1241. Moreover, setting aside the votes of Ms. Poague and Ms. Mondale, there were still five managers for whom there is no evidence of knowledge of the protected activity and no evidence of a retaliatory animus. *See Goodmaster v. Town of Seymour*, 2016 WL 10452427, at *13 (D. Conn. Feb. 8, 2016) ("Even if the court were to presume that [the one defendant] voted . . . based on a retaliatory animus, there still would have been four votes denying the request on permissible grounds. As such, [defendants] as a whole escape liability."). Plaintiff has presented no evidence that, absent the votes of Ms. Poague and Ms. Mondale, she would not have been terminated.

Plaintiff has failed to establish that a reasonable jury could find causation between her reporting of Thornton and the adverse employment action so as to establish a prima facie case of retaliation. *See Harp v. Destefano*, 2007 WL 2869831, at *7 (D. Conn. Sept. 27, 2007) (finding that two-week period between protected activity and adverse employment action was "insufficient to raise a material issue of fact as to whether the Board's vote was retaliatory" where plaintiffs "presented no evidence that the Board would not have terminated AECI's contract absent [the] protected conduct."); *see also Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 800 (11th Cir. 2000) (affirming grant of summary judgment for defendant where there was affirmative testimony that defendant did not know of protected activity in terminating plaintiff, and where there was no evidence to contradict that testimony because the plaintiff had

failed to create a genuine issue of fact as to the causation element). Therefore, defendant is entitled to summary judgment on plaintiff's retaliation claim.[13]

B. **Plaintiff's Motion to Supplement**

Plaintiff has filed a Motion to Supplement, Docket No. 81, seeking to supplement her amended complaint, the scheduling order, the parties' discovery responses, the deposition responses of defendant, her response to defendant's motion for summary judgment, and her pretrial witness list. *Id.* at 1-2. As grounds for the motion, plaintiff claims that "[d]efendant withheld the existence and identity of a new witness," a former manager at defendant's establishment, Briana Miracle. *Id.* at 1. Plaintiff alleges that

---

[13]In her response to defendant's motion for summary judgment, plaintiff suggests that she was also retaliated against by defendant after her termination. *See* Docket No. 54. Specifically, plaintiff alleges that "[d]efendant's agent . . . filed a fake police report . . . and coerced Desi LaFebre, a co-worker/concierge, to make unflattering and later repudiated remarks about Plaintiff." *Id.* at 9. She also implies that defendant retaliated against her by failing to re-hire her because she had filed this lawsuit. *Id.* However, these allegations cannot preclude summary judgment here. In plaintiff's EEOC charge, she alleged that defendant retaliated against her when her shift was taken away, when she was removed from cigar dinner shifts, and when she was terminated. Docket No. 54-6 at 1. Plaintiff did not allege that defendant retaliated against her after her termination. *See id.* "[T]o have exhausted administrative remedies with respect to a particular claim, '[a]n EEOC charge must contain facts that would prompt an investigation into the claim at issue.'" *Kahler v. Leggitt*, No. 18-cv-03162-WJM-KMT, 2019 WL 5104775, at *4 (D. Colo. May 3, 2019) (quoting *Perkins v. Fed. Fruit & Produce Co.*, 945 F. Supp. 2d 1225, 1245 (D. Colo. 2013)). Because plaintiff did not include those allegations in her EEOC charge, plaintiff has not exhausted her administrative remedies as to those allegations and, to the extent plaintiff's retaliation claim is based on those allegations, the Court lacks jurisdiction. *See Olsen v. Allsups Convenience Store, Inc.*, 2005 WL 2372154, at *4 (W.D. Okla. Sept. 27, 2005) (plaintiff's failure-to-rehire claims were barred because she had failed to file an EEOC charge for those claims and "thereby [failed to] exhaust her administrative remedies"). As a result, the Court does not consider plaintiff's post-termination allegations of retaliation for purposes of resolving defendant's motion for summary judgment. To the extent plaintiff makes such a post-termination claim in this case, it is dismissed without prejudice for lack of jurisdiction.

12

Ms. Miracle witnessed Thornton physically assaulting an unconscious employee and was thereafter fired. *Id.* at 2. She argues that Ms. Miracle's affidavit describing her employment at defendant's institution "makes clear her relevance and importance to this case and the Court's current evaluation of Plaintiff's Response to Defendant's Motion for Summary Judgment." *Id.*

The exact relief that plaintiff seeks is unclear. It appears that plaintiff wants to reopen discovery, as she asks to supplement or amend the scheduling order and her discovery responses and to take additional depositions. *Id.* at 2. In addition, plaintiff states that defendant's alleged misconduct "merits a monetary sanction." *Id.* at 3.

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In exercising that discretion, courts consider the following factors: (1) "whether trial is imminent"; (2) "whether the request is opposed"; (3) "whether the non-moving party would be prejudiced"; (4) "whether the moving party was diligent in obtaining discovery within the guidelines established by the court"; (5) "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court"; and (6) "the likelihood that the discovery will lead to relevant evidence." *Id.*

The Court finds that the sixth factor is dispositive. The Court has already determined that plaintiff has failed to demonstrate the requisite causation element of her retaliation claim, and, therefore, has found that defendant is entitled to summary judgment. Plaintiff does not argue that Ms. Miracle would provide evidence that the decision-makers knew of plaintiff's sexual harassment complaint. There is no indication

that supplementation would bolster plaintiff's prima facie retaliation case or that it could create a genuine issue of material fact. Instead, plaintiff seeks to add Ms. Miracle as a witness to support her general allegations against Thornton, as Ms. Miracle has also raised sexual harassment and assault allegations against Thornton. Docket No. 81 at 2. Such evidence would not assist plaintiff in establishing her prima facie retaliation case, and, for this reason, plaintiff has not demonstrated the necessity of the wide-reaching supplementation she seeks. Therefore, the motion to supplement will be denied.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 44] is **GRANTED**. It is further

**ORDERED** that plaintiff's Title VII retaliation claim is **DISMISSED** with prejudice. It is further

**ORDERED** that Plaintiff's Motion to Supplement [Docket No. 81] is **DENIED**. It is further

**ORDERED** that, within 14 days of the entry of this Order, defendant may have its costs by filing a bill of costs with the Clerk of Court. It is further

**ORDERED** that this case is closed.

DATED November 21, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge