IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-03000-PAB-NYW

HEATHER PRICE,

    Plaintiff,

v.

BAVARIA INN RESTAURANT, INC., d/b/a Shotgun Willies,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on Plaintiff's Motion for Reconsideration [Docket No. 116], Plaintiff's Motion to Supplement Filing [Docket No. 126], and defendant's Motion to Strike Plaintiff's Motion to Supplement Filing [Docket No. 127]. The Court has jurisdiction under 28 U.S.C. § 1331.

**I. BACKGROUND**

    On December 14, 2017, plaintiff Heather Price sued her former employer, defendant Bavaria Inn Restaurant, d/b/a Shotgun Willie's ("defendant"), raising one claim of retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Docket No. 1; Docket No. 7 at 9-10. Plaintiff alleged in her complaint that defendant retaliated against her after she had reported that one of defendant's managers, Randy Thornton, had sexually harassed her at work. Docket No. 7 at 9.

    On November 21, 2019, the Court granted defendant's motion for summary judgment. Docket No. 111. The Court found that plaintiff had failed to demonstrate

that there was a genuine issue of fact with respect to whether a majority of the committee that made the decision to terminate plaintiff knew of plaintiff's complaints of sexual harassment so as to create a genuine dispute of fact as to whether there was a causal link between her complaints and her termination. *Id.* at 9-11. The Court concluded that, because no reasonable jury could find the requisite causal connection between plaintiff's protected activity and the adverse employment action, defendant was entitled to summary judgment on plaintiff's claim. *Id.* at 11-12.

In addition, the Court noted that, in plaintiff's response to defendant's motion for summary judgment, she suggested that defendant continued to retaliate against her after her termination – specifically, plaintiff asserted that defendant retaliated against her by refusing to rehire her after she filed this lawsuit. *Id.* at 12 n.13 (citing Docket No. 54). The Court found that this allegation could not preclude summary judgment in favor of defendant because plaintiff had not alleged in her EEOC charge that defendant had retaliated against her after her termination. *Id.* (quoting *Kahler v. Leggitt*, No. 18-cv-03162-WJM-KMT, 2019 WL 5104775, at *4 (D. Colo. May 3, 2019) ("[T]o have exhausted administrative remedies with respect to a particular claim, [a]n EEOC charge must contain facts that would prompt an investigation into the claim at issue.") (quotation omitted)). The Court found that plaintiff had not exhausted her administrative remedies with respect to her post-termination retaliation allegations. *Id.* On December 12, 2019, plaintiff filed a motion for reconsideration. Docket No. 116.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). A motion to reconsider may be construed as a motion to amend or alter the judgment under Fed. R. Civ. P. 59(e) or as a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241,1243 (10th Cir. 1991).

A motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e). *Id.*; *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[1] A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

---

[1] The motion for reconsideration was filed before the entry of final judgment. *See* Docket No. 116; Docket No. 119. However, it is properly considered as a motion under Rule 59(e). *See Wagoner v. Wagoner*, 938 F.2d 1120, 1123 (10th Cir. 1991) ("The fact that the motion, like plaintiff's notice of appeal, was filed after the district court announced the action it would take but before formal entry of a final judgment embodying that action does not alter its status under Rule 59(e)."); *Rogers v. Rivera*, 2017 WL 5311546, at *3 (D.N.M. Nov. 13, 2017) ("Although a final judgment consistent with Rule 58 has not yet been entered here, Plaintiff's Motion is properly considered under Rule 59(e) because the summary judgment order at issue disposed of all claims.").

2000). However, a Rule 59(e) motion is not an opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.* Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *Green v. Fishbone Safety Sols., Ltd.*, 303 F. Supp. 3d 1086, 1091-92 (D. Colo. 2018).

## III. ANALYSIS

Because plaintiff does not argue that new evidence has emerged, the Court construes her motion as raising a "clear error" argument. Plaintiff argues that the Court should reconsider its order for three reasons: (1) the Court erred when it did not consider whether plaintiff had been terminated more than once and whether the purported second termination was retaliatory; (2) the Court erred in finding that no genuine issue of fact existed with respect to whether a majority of the committee knew of plaintiff's complaints of retaliation; and (3) the Court erred in finding that it did not have jurisdiction to consider plaintiff's post-termination retaliation allegations. Docket No. 116 at 2-3.

First, plaintiff asserts that the Court erred in "not considering the termination of Plaintiff's re-employment as a waitress, on another day after a prior termination of employment from her concierge position, as unlawful retaliation by Defendant." *Id.* at 2. Specifically, plaintiff asserts that (1) she was fired from her position as a concierge at defendant's establishment, (2) she was then rehired by defendant as a waitress, and (3) after she was rehired as a waitress, she was fired by defendant again. *Id.* at 3-4

(stating that plaintiff was "fired from her concierge position," rather than transferred or reassigned to a different position, and that plaintiff then "accept[ed] a new position . . . as a waitstaff person" and "was re-employed"). Plaintiff contends that a genuine issue of fact exists with respect to whether this alleged second termination from her waitstaff position was retaliatory, and argues that the Court erred when it failed to consider this alleged retaliation in granting defendant summary judgment. *Id.* at 2, 4. The Court construes plaintiff's argument as two-fold: first, that the Court committed clear error in not finding that a genuine dispute as to whether plaintiff was terminated on two separate occasions, and second, that the Court clearly erred in not finding a genuine dispute as to whether the alleged second termination was retaliatory.

The Court finds no clear error here. In its summary judgment order, the Court found that the undisputed facts demonstrated that, on June 9, 2015, a committee meeting was held in which the committee discussed terminating plaintiff. Docket No. 111 at 3-4. In addition, the Court found that it was undisputed that plaintiff was terminated on June 10. *Id.* at 4. Although plaintiff had attempted to dispute the date of her termination, *see* Docket No. 54 at 6, ¶¶ 12-16 (asserting that she was fired on June 5), the Court found that this asserted disputed fact contradicted plaintiff's prior sworn testimony indicating that she was terminated on June 10, 2015. *See* Docket No. 111 at 4 n.10; *see also* Docket No. 65-1 at 6, 154:11-15. Thus, the Court found that plaintiff had failed to create a genuine dispute of fact as to her termination date, and found the June 10, 2015 termination date undisputed. Docket No. 111 at 4. Plaintiff does not argue that this was clear error, and the Court identifies no clear error in its finding.

5

Moreover, in her summary judgment briefing, plaintiff did not raise any dispute as to the *number* of times that she was terminated. See Docket No. 54 at 6, ¶¶ 1-4.[2] In fact, plaintiff's current argument is contradicted by her response to defendant's motion for summary judgment. In the response, plaintiff references a "second level retaliatory period" which she asserts is "marked by Barker's offer of employment as a server to Plaintiff *while she was still employed*." Docket No. 54 at 8 (emphasis added); *see also id.* at 15 (stating that plaintiff accepted a demotion when she agreed to take a wait staff position); *id.* at 17 (referring to "the series of events leading up to Plaintiff's firing," including "its offer of employment, acceptance, and firing of Plaintiff"). In her briefing, plaintiff repeatedly referred to a singular termination. *See id.* at 3, ¶ 3 (referring to "the firing of Plaintiff on June 5, 2015"); *id.* at 6, ¶¶ 12-16 ("Plaintiff was fired on June 5, [2015]"); *id.* at 8, 11 (referring to only one termination in retaliation argument). Because it is undisputed that plaintiff was terminated on June 10, 2015, and because plaintiff did not raise a dispute with respect to any other purported termination, the Court finds no

---

[2] At most, plaintiff asserted that "Plaintiff was offered a job by [Brian Barker, one of defendant's managers,] which was accepted, she was placed on the schedule, and was then fired by Thornton." Docket No. 54 at 6, ¶ 1. However, this allegation is insufficient to create a genuine dispute of fact with respect to whether plaintiff was fired on more than one occasion. Not only does this statement not include an allegation that she was terminated from defendant's employ before being offered a waitress position, but the evidence plaintiff cites in support of this statement does not provide any evidence of a termination. The evidence – a wait staff schedule – demonstrates, at best, that plaintiff was placed on defendant's schedule in a waitress shift in June; it does not demonstrate that plaintiff was fired, rehired, and fired again. See Docket No. 54-11 at 7. Moreover, plaintiff's submission of a disputed fact violates the Court's Practice Standards, *see* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.3.b.v, and the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 56(c)(1), which would have been grounds alone to disregard plaintiff's asserted statement of fact.

6

clear error in its conclusion that plaintiff's sole termination occurred on June 10, 2015.

For this same reason, plaintiff's contention that the Court failed to consider whether a purported "second" termination was retaliatory is without merit. The termination that plaintiff argues the Court failed to evaluate for retaliation – the termination from her waitressing position, which occurred on June 10 – is the exact termination that the Court analyzed in its order in considering whether plaintiff was retaliated against. *See* Docket No. 111 at 8-12. Thus, plaintiff has failed to demonstrate that the Court clearly erred here.

Next, plaintiff argues that genuine issues of material fact exist as to "whether [the committee members who knew of plaintiff's complaints] hid Plaintiff's complaints from the Committee and provided a false basis for termination." Docket No. 116 at 6. The Court perceives no clear error. First, it is undisputed that plaintiff was involved in an ongoing conflict with another employee and that she was warned that she could be terminated if the conflict persisted. Docket No. 111 at 3. Additionally, it is undisputed that, at the committee meeting at which the termination decision was made, the decision-makers did not discuss plaintiff's complaints of sexual harassment, but did discuss plaintiff's conflict with her co-worker. *Id.* at 4. In its order granting defendant's motion for summary judgment, the Court concluded that plaintiff had failed to raise a genuine dispute of fact as to whether the committee members were aware of plaintiff's sexual harassment complaints, a prerequisite in finding that the committee members acted with a discriminatory animus. *Id.* at 10-11; *see also Petersen v. Utah Dep't of Corr.*, 301 F. 3d 1182, 1188 (10th Cir. 2002).

7

Plaintiff's assertion that certain committee members might have "hid Plaintiff's complaints from the Committee and provided a false basis for termination" is nothing more than speculation.  Plaintiff provides no facts to support this assertion and failed to raise it as an argument in response to defendant's motion for summary judgment.  *See* Docket No. 54 at 6, ¶¶ 1-4.  Moreover, plaintiff identifies no legal duty that the committee members with knowledge of plaintiff's complaints had to bring it to other committee members' attention.  And, more importantly, plaintiff did not raise that argument in response to defendant's motion for summary judgment motion.  *See generally id.*  As a result, the Court finds no clear error in determining that defendant was entitled to summary judgment.

At best, in her response to defendant's motion for summary judgment, plaintiff raised an issue with respect to whether plaintiff's personnel file contained any evidence of "irregular" behavior.  *See id.* at 3, ¶ 3.  However, this is insufficient to create a genuine dispute of fact as to whether the committee members hid from other members plaintiff's complaints or provided a false basis for plaintiff's termination.  And even if plaintiff had raised such an argument at the summary judgment stage, such unsupported allegations would have been insufficient to defeat defendant's motion for summary judgment.  "Unsubstantiated allegations carry no probative weight in summary judgment proceedings.  To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citation omitted).

The Court finds no basis to reconsider its order here.[3]

Finally, plaintiff argues that the Court erred in finding that it did not have jurisdiction to consider plaintiff's post-termination retaliation allegations for failure to exhaust her administrative remedies. Docket No. 116 at 3. In particular, plaintiff cites to deposition testimony of defendant's owner, Debbie Dunafon, in which she stated that she did not rehire plaintiff because plaintiff filed this lawsuit. *Id.*; *see also* Docket No. 54-20 at 1, 94:16-20. Plaintiff asserts that this was part of defendant's continuing retaliation arising out of the same series of events as her other retaliation allegations, and argues that she was not required to file a separate EEOC charge documenting this alleged retaliation in order to fully exhaust her administrative remedies. Docket No. 116 at 3.

In its earlier order, the Court found that plaintiff had failed to exhaust her administrative remedies to the extent that her claim was based on defendant's post-termination behavior given that plaintiff had not raised these allegations in her EEOC

---

[3] In addition, plaintiff raises several issues with respect to defendant's purported non-disclosure of evidence related to the committee's firing decision. *See* Docket No. 116 at 4-5 (asserting that "[t]here were no Fed. R. Civ. P. 26 disclosures by the Defendant relating to the alleged Committee's action, no scheduling order, witness, or exhibit list concerning any Committee meetings, no minutes of any Committee meetings, no affidavits from any Committee member other than Michelle Pogue . . ., no policy disclosing that the unnamed management Committee was the Company's method for separating employees and no opportunity for Committee members who had no involvement in Plaintiff's employment or complaint against Thornton, to hear Plaintiff's position prior to firing her."). To the extent that plaintiff's argument can be read to challenge defendant's alleged non-disclosures, this argument is not properly before the Court, as this discovery dispute should have been raised before and decided by the magistrate judge. "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

complaint. Docket No. 111 at 12 n.13. Plaintiff asserts that this was error because "a plaintiff may raise a claim of retaliation for filing a charge with the EEOC without filing a second charge because the retaliation could reasonably be expected to be continuing." Docket No. 116 at 7.

"[A]fter a plaintiff receives a notice of her right to sue from the EEOC, that plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (quotation omitted). "While [a court must] 'liberally construe' the plaintiff's allegations in the EEOC charge, 'the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]'" *Id.* (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)). "The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Id.* (quotation and alteration marks omitted).

Plaintiff asserts that "[e]very appellate court to consider the issue has concluded that, under the scope-of-the-investigation standard, an allegation that a defendant retaliated against a plaintiff for filing an EEOC charge may be included in a Title VII lawsuit even if the plaintiff did not file a second charge with the EEOC complaining of the retaliation." Docket No. 116 at 10. In support, plaintiff cites *Brown v. Hartshorne Public School District No. 1*, 864 F.2d 680 (10th Cir. 1988), where the Tenth Circuit reversed a district court's finding that a plaintiff's failure-to-rehire retaliation claim was

not properly before it because the plaintiff had not filed an EEOC charge specifically related to the failure to rehire. *Id.* at 682. The Tenth Circuit determined that, "[w]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Id.* (quotation omitted).

However, since *Brown*, the United States Supreme Court has "rejected the so-called continuing violation doctrines that allowed plaintiffs to recover for discrete acts of discrimination or retaliation that had not been separately exhausted but were 'sufficiently related' to a properly exhausted claim." *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139, 148 (D.D.C. 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002)). In *Morgan*, the Supreme Court rejected the continuing violation doctrine in the context of a plaintiff's claims challenging conduct that had occurred *before* the EEOC's 300-day reporting period and for which the plaintiff had not sought an administrative remedy. 536 U.S. at 114. "The rule is equally applicable, however, to discrete claims based on incidents occurring after the filing of Plaintiff's EEO complaint." *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003). "*Morgan* abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Id.* at 1210; *see also Romero-Ostolaza*, 370 F. Supp. 2d at 149 ("*Morgan* has, on the whole, been

understood to . . . bar discrete acts occurring . . . after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court.") (citing cases).

"Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" for which an EEOC charge is required. *Morgan*, 536 U.S. at 114. The Court did not err in finding that plaintiff had failed to exhaust her administrative remedies with respect to her post-termination allegations of retaliation. Finding no clear error in the Court's prior order, the Court will deny plaintiff's motion for reconsideration.

After filing her motion to reconsider, plaintiff filed a motion to supplement her motion for reconsideration [Docket No. 126] to inform the Court that the EEOC issued a right-to-sue letter, with no determination, with respect to plaintiff's post-termination retaliation allegations. Docket No. 126 at 2.[4] Plaintiff states that she is supplementing her reconsideration motion "to aid the Court in recognizing that serial charges would not and have not served any purpose." *Id.* However, the new right to sue letter does not change the Court's analysis that, for purposes of defendant's summary judgment motion, plaintiff failed to exhaust her administrative remedies with respect to the post-termination allegations. The Court will deny plaintiff's motion to supplement as moot.[5]

---

[4] Plaintiff did not attach a copy of this letter. *See* Docket No. 126.

[5] In response to plaintiff's motion, defendant filed a Motion to Strike Plaintiff's Motion to Supplement Filing [Docket No. 127] arguing that plaintiff's motion is "tantamount to an unauthorized surreply." Docket No. 127 at 1. The Court disagrees

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's Motion for Reconsideration [Docket No. 116] is **DENIED**. It is further

**ORDERED** Plaintiff's Motion to Supplement Filing [Docket No. 126] is **DENIED** as moot. It is further

**ORDERED** that defendant's Motion to Strike Plaintiff's Motion to Supplement Filing [Docket No. 127] is **DENIED** as moot.

DATED September 8, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

with defendant's characterization of plaintiff's motion. Nonetheless, because the Court has denied plaintiff's motion to supplement as moot, defendant's motion to strike is also moot.